STATE OF IOWA, Appellee, v. W. E. BURKE, Appellant.

**APPEAL AND ERROR:** Transcript Prevented by Death—Procedure.
1   When the making of a transcript of the reporter's notes is defeated by the death of the reporter, the appellant may set forth in the abstract a statement in detail of what he claims each witness testified to, and the appellee should not move to strike such alleged testimony, but should, in case he claims it is incorrect, enter a proper denial.

**ROBBERY:** Evidence—Weight and Sufficiency. Evidence as to identification of defendant reviewed, and held insufficient to sustain a conviction.
2

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 12, 1924.

PROSECUTION for robbery. Upon a plea of not guilty, a trial was had, and a verdict of guilty rendered. The defendant was sentenced to ten years in the penitentiary. He appeals.— *Reversed.*

*C. R. Metcalfe,* for appellant.

*Ben J. Gibson,* Attorney-general, *O. T. Naglestad,* County Attorney, and *O. D. Nickle,* Assistant County Attorney, for appellee.

EVANS, J.—The indictment charged four defendants jointly with the robbery of Thompson's Yards on the evening of September 25, 1921. The corpus delicti was proved. The evidence discloses that the robbery was perpetrated by four men, three of whom entered the yards and directly perpetrated the robbery, and the fourth of whom, J. E. Welch, "stayed in the car, and we arrested him. He had a sawed-off shotgun. We never found the other fellows,—they ran." The defendant was arrested and prosecuted on the assumption that he was one of the three men who entered the yards.

I. The State has filed a motion to strike the evidence from the record, on the ground that it was never preserved by bill of exceptions or by transcript. The facts upon which such motion is predicated are identical with those obtaining in *State v. Adams,* 197 Iowa 331. Our holding in that case upon that question is controlling in this. The motion of the State is, therefore, overruled.

1. APPEAL AND ERROR: transcript prevented by death: procedure.

II. The important question in this case is whether there was sufficient evidence of identification of this defendant as one of the persons engaged in the robbery to sustain his conviction. Several policemen were examined as witnesses, but none of them identified the defendant as being one of the three men who were supposed to have entered Thompson's Yards. The only evidence in the record tending to identify the defendant was that of

2. ROBBERY: evidence: weight and sufficiency.

Carr, a garage man. At 4:30 A. M. of the night of the robbery, two men came to Carr's garage and phoned for a taxi. One of these men came into the garage to phone; the other stayed outside. Carr testified:

"The man with him stayed outdoors in an auto while the taxi was coming, about 15 minutes; and when it came, he was so drunk we had to put him in the taxi. It was dark, but the electric lights shone some. I could not see him very good, but he looked like defendant Burke. I would not say he is the man, but it looked like him. The man seemed nervous."

Copps, the taxi driver, testified as follows:

"One man was so drunk we had to put him in the taxi. I took them to a rooming house. I do not think defendant Burke was either of them."

Nyberge, a policeman, testified:

"I saw the Stutz car earlier in the evening of the breaking of Thompson Yards. There were three fellows in the car, talking to John Lavery. I reported them to the police and captain. They were on Fourth Street, three miles from Thompson Yards building. It was about 11 o'clock at night. I could not recognize the men to know who they were, and cannot tell whether or not defendant Burke was one of them."

There is no evidence that the three men whom Nyberge saw were the men who committed the robbery. Nor was there any evidence that the two men who called for the taxi were the men who committed the robbery. The only person who was in any way identified as connected with the robbery was J. E. Welch, who was identified by policeman Carroll. We must hold, therefore, that the evidence is not sufficient to sustain the conviction. The judgment below is, accordingly, reversed.—*Reversed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.